IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JUNGMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | No. 10-4590 |
| Defendant. | : | |

MEMORANDUM

Schiller, J.                                                                       January 18, 2010

      Plaintiff Richard Jungman brings claims under the Federal Employers' Liability Act for repetitive stress injuries he attributes to his career with freight railroad CSX Transportation, Inc. Presently before the Court is the railroad's motion to transfer. The Court will grant this motion for the reasons stated below.

**I.     BACKGROUND**

      Richard Jungman has worked for CSX Transportation ("CSX") as a carman since 1974. (Mot. to Transfer Venue Ex. D [Affidavit of Kenneth Ensor] ¶ 3.). He alleges that he suffers from osteoarthritis, tendinitis, bursitis and carpal tunnel syndrome due to CSX's failure to provide safe working conditions. (Compl. ¶ 10.) A resident of Tennessee, Jungman worked for CSX in Nashville. (*Id*. ¶¶ 1, 8.) He has never worked in the Eastern District of Pennsylvania. (Mot. to Transfer Venue ¶ 5; Pl.'s Reply to Def.'s Mot. to Transfer [Pl.'s Reply] ¶ 5.)

      The parties agree that the CSX employees likely to testify to Jungman's work habits and working conditions are located in Tennessee. (Mot. to Transfer Venue ¶ 7; Pl.'s Reply ¶ 7.) Physicians who treated him are also located in Tennessee. (Mot. to Transfer ¶ 8; Pl.'s Reply ¶ 8.)

On April 29, 2010, Jungman filed a Complaint alleging violations of the Federal Employers' Liability Act ("FELA") in the Philadelphia Court of Common Pleas. That court granted CSX's motion to dismiss on forum non conveniens grounds and issued an order permitting Jungman to refile his case in Tennessee. (Mot. to Transfer Ex. B [Aug. 26, 2010 Court of Common Pleas Order].) Jungman subsequently commenced this action on September 10, 2010. CSX filed its motion to transfer venue on December 22, 2010.

## II.  STANDARD OF REVIEW

A motion to transfer venue in a FELA case implicates two venue provisions: 28 U.S.C. § 1404 and 45 U.S.C. § 56. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where it might have been brought originally, in the interest of justice, for the convenience of parties and witnesses. District courts enjoy broad discretion in deciding motions to transfer venue, and approach such motions on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Courts in the Third Circuit apply a multi-factor test to determine whether transfer is appropriate, weighing private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

Relevant to its § 1404(a) analysis here, the Court must also consider FELA's venue provision, 45 U.S.C. § 56. This statute provides that FELA actions "may be brought in a district court in the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Courts in this District have previously recognized the significance of FELA's venue provision, although they remain divided as to whether FELA requires heightened

2

deference to a plaintiff's choice of forum. *See Monington v. CSX Transp., Inc.*, Civ. A. No. 10-4591, 2010 WL 4751716, at *2 (E.D. Pa. Nov. 22, 2010). However, while FELA's venue provision may trigger special consideration, it does not preclude transfer under § 1404(a). *Id*.

**III. DISCUSSION**

Jungman argues that this Court must give his choice of forum "notable deference, notwithstanding the Plaintiff's residence or the location of the underlying events." (Pl.'s Reply 2.) To overcome this deference, Jungman contends that CSX "must establish that witnesses are unavailable for trial" to prevail on a motion for transfer in a FELA case. (Pl.'s Reply 7-8.) The Court recognizes that FELA demands "some additional consideration" for a plaintiff's choice of forum. *See Monington*, 2010 WL 4751716, at *2. Nevertheless, upon consideration of the *Jumara* factors, the Court concludes that transfer is appropriate in this case.

**A.  The *Jumara* Factors**

The parties do not dispute that venue would be appropriate in CSX's preferred forum, the Middle District of Tennessee. Thus, the Court must apply the *Jumara* factors. *See In re Amkor Tech., Inc. Sec. Litig.*, Civ. A. No. 06-298, 2006 WL 3857488, at *2 (E.D. Pa. Dec. 28, 2006). The *Jumara* test distinguishes between "private" and "public" interests, examining both sets of factors to determine whether transfer is proper. *Jumara*, 55 F.3d at 879-80. The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not

3

be produced in the alternative forum. *Id*. at 879. The public factors include: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id*. at 879-90.

### 1. *The private factors*

The private factors in this case weigh in favor of transfer. Only Jungman's choice of forum links his claims with this district. Two factors are neutral in this analysis. Neither forum serves the convenience of both parties. The parties' books and records should also be available in both fora.

The remaining private factors all favor CSX's chosen forum, the Middle District of Tennessee. None of the claims arose in this District, as Jungman has spent his career in Tennessee. Further, CSX observes that many witnesses it intends to call, including Jungman's Tennessee-based medical providers, are beyond the reach of this Court's subpoena power. (Mot. to Transfer ¶ 11). Jungman contends that he will nevertheless "make all witnesses and medical personnel available for deposition." (Pl.'s Reply ¶ 11). Notwithstanding Jungman's confidence that he will be able to corral these witnesses for trial, the possibility that they will prove unavailable weighs in favor of transfer. *See Monington*, 2010 WL 4751716, at *3 (citing *Gunder v. CSX Transp., Inc.*, Civ. A. No. 08-6029, 2009 WL 2004377, at *3 (E.D. Pa. July 8, 2009)).

### 2. *The public factors*

The public factors in this case are either neutral or favor transfer. A judgment in either venue will be enforceable. Court congestion and public policy are not at issue. Furthermore, as

Jungman brings his claims under a federal statute, the judges in both districts should be familiar with the applicable law.

The remaining factors support transfer. There is no meaningful connection between this case and this District. *Cf. Abbott v. CSX Transp., Inc.*, Civ. A. No. 07-2767, 2008 WL 4522481, at *3 (E.D. Pa., Oct. 8, 2008) (discussing interest of forum in case where plaintiff performed work for defendant in Pennsylvania). The citizens of the Middle District of Tennessee have a much stronger interest in adjudicating claims involving workplace safety at a job site in Nashville than the residents of this District, even though CSX also does business here. Transfer will neither complicate nor delay trial; CSX made its motion to transfer expeditiously, approximately three months after Jungman filed his Complaint. *Cf. Colacicco v. Apotex, Inc.*, Civ. A. No. 2009 WL 4729883, at *4 (E.D. Pa. Dec. 10, 2009) (noting that court's familiarity with case after four years on its docket weighed against transfer).

Though Jungman's choice of forum may warrant special consideration under FELA, his choice of forum alone does not outweigh the many factors that favor transfer to the Middle District of Tennessee. Taken as a whole, "the location of the events giving rise to the claim, the convenience of the witnesses and public interest factors override plaintiff's preference in forum." *See Monington*, 2010 WL 4751716, at *4. Thus, notwithstanding FELA's venue provision, transfer is appropriate in this case.

## IV.   CONCLUSION

Upon consideration of the *Jumara* factors, the Court will grant CSX's motion to transfer venue. An Order consistent with this Memorandum will be docketed separately.